Leonard C. Herr, #081896
Caren L. Curtiss, #311218
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200

Attorneys for      Defendants, CITY OF VISALIA, CHIEF JASON SALAZAR, OFFICER ANTONIO MATTOS, OFFICER ALEXANDER CRUZ and SERGEANT RYAN PARK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

URIEL NIETO,

        Plaintiff,

        v.

CITY OF VISALIA, a municipal entity; CHIEF JASON SALAZAR, in his individual and official capacity; OFFICER ANTONIO MATOS; OFFICER ALEXANDER CRUZ and SERGEANT RYAN PARK and DOES 1-5, inclusive,

        Defendants.

Case No. 1:24-cv-00741-JLT-BAM

**[PROPOSED]** STIPULATED PROTECTIVE ORDER

    **IT IS HEREBY STIPULATED** by and among the Parties hereto, through their respective counsel of record, that the Court grant a protective order, as follows:

## 1. PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.

**[PROPOSED]** STIPULATED PROTECTIVE ORDER

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

1  Accordingly, the Parties hereby stipulate to and petition the Court to enter
2  this Stipulated Protective Order.

3  The Parties acknowledge that this Stipulated Protective Order does not
4  confer blanket protections on all disclosures or responses to discovery and
5  that the protection it affords extends only to the specified information or
6  items that are entitled, under the applicable legal principles, to treatment as
7  confidential.

8  The Parties further acknowledge, as set forth below, that this
9  Stipulated Protective Order creates no entitlement to file confidential
10  information under seal, except to the extent specified herein; Eastern District
11  Local Rules 141, 141.1 and 251 set forth the procedures that must be
12  followed and reflects the standards that will be applied when a party seeks
13  permission from the court to file material under seal.

14  Nothing in this Stipulated Protective Order shall be construed so as to
15  require or mandate that a Party disclose or produce privileged information
16  or records that could be designated as Confidential Documents/Protected
17  Material hereunder.

18  **2.   GOOD CAUSE STATEMENT**

19  Defendants contend that there is good cause and a particularized need
20  for a protective order to preserve the interests of confidentiality and privacy
21  in peace officer personnel file records and associated investigative or
22  confidential records for the following reasons:

23  First, Defendants contend that peace officers have a federal privilege
24  of privacy in their personnel file records: a reasonable expectation of privacy
25  therein that is underscored, specified, and arguably heightened by the
26  *Pitchess* protective procedure of California Law.  *See Sanchez v. Santa Ana*
27  *Police Department*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City*
28  *of Stockton*, 2012 WL 394200, *2-3, 5 (E.D. Cal. 2012) (concluding that "while

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   [f]ederal law applies to privilege based discovery disputes involving federal

2   claims," the "state privilege law which is consistent with its federal equivalent

3   significantly assists in applying [federal] privilege law to discovery disputes");

4   *Soto v. City of Concord,* 162 F.R.D. 603, 613, n. 4, 616 (N.D. Cal. 1995) (peace

5   officers                      have                      constitutionally-based

6   "privacy rights [that] are not inconsequential" in their police personnel

7   records); *cf.* Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.

8   Defendants further contend that uncontrolled disclosure of such personnel

9   file information can threaten the safety of Non-Party witnesses, officers, and

10  their families/associates.

11      Second, Defendants contend that municipalities and law enforcement

12  agencies have federal deliberative-executive process privilege, federal official

13  information privilege, federal law enforcement privilege, and federal attorney-

14  client privilege (and/or attorney work product protection) interests in the

15  personnel files of their peace officers – particularly as to those portions of

16  peace officer personnel files that contain critical self-analysis, internal

17  deliberations/decision-making or evaluation analysis, or communications

18  for the purpose of obtaining or rendering legal advice or analysis, potentially

19  including but not limited to evaluative/analytical portions of Internal Affairs

20  type records or reports, evaluative/analytical portions of supervisory records

21  or reports, and/or reports prepared at the direction of counsel, or for the

22  purpose of obtaining or rendering legal advice. *See Sanchez*, 936 F.2d

23  1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d

24  1089, 1092-105 (9th Cir. 1997); *Soto*, 162 F.R.D., at 613, 613 n. 4; *Kelly v.*

25  *City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*,

26  181 F.R.D. 175, 176-177 (D.D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S.

27  Dist. LEXIS 89702 (D.Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*,

28  881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants further contend that

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  such personnel file records are restricted from disclosure by the public

2  entity's custodian of records pursuant to applicable California law and that

3  uncontrolled release is likely to result in needless intrusion of officer privacy;

4  impairment in the collection of third-party witness information and

5  statements and related legitimate law enforcement investigations/interests;

6  and a chilling of open and honest discussion regarding and/or investigation

7  into alleged misconduct that can erode a public entity's ability to identify

8  and/or implement any remedial measures that may be required.

9      Third, Defendants contend that, since peace officers do not have the

10  same rights as other private citizens to avoid giving compelled statements, it

11  is contrary to the fundamental principles of fairness to permit uncontrolled

12  release of officers' compelled statements.  (*See generally, Lybarger v. City of*

13  *Los Angeles* (1985) 40 Cal.3d 822, 838-830.)

14      Accordingly, although Plaintiff disputes the extent to which the

15  foregoing categories of documents should remain confidential during

16  discovery, the Parties hereby otherwise agree, that to expedite the flow of

17  information, to facilitate the prompt resolution of disputes over

18  confidentiality of discovery materials, to adequately protect information the

19  Parties are entitled to keep confidential, to ensure that the Parties are

20  permitted reasonable necessary uses of such material in preparation for and

21  in the conduct of trial, to address their handling at the end of the litigation,

22  and serve the ends of justice, a protective order for such information is

23  justified in this matter.  It is the intent of the Parties that information will

24  not be designated as confidential for tactical reasons and that nothing be so

25  designated without a good faith belief that it has been maintained in a

26  confidential, non-public manner, and there is good cause why it should not

27  be part of the public record of this case.

28      The Parties jointly contend that there is typically a particularized need

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

[PROPOSED] STIPULATED PROTECTIVE ORDER

for protection as to any medical or psychotherapeutic records, because of the privacy interests at stake.  Because of these sensitive interests, a court order should address these documents rather than a private agreement between the Parties.

**3. DEFINITIONS**

3.1.   Party:  Any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff thereof).

3.2.   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.3.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.4.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

3.5.   "CONFIDENTIAL" Information or Items:  Information (regardless of the medium or how generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or applicable federal privileges.  This material includes, but is not limited to, medical and psychotherapeutic records; as well as peace officer personnel records as defined by California Penal Code sections 832.5, 832.7, 832.8 and the associated case law; and other similar confidential records designated as such.

3.6.   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a depositions or comparable testimony.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

HERR, PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

3.7.  Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulated Protective Order pursuant to Section 6.2(b) (infra), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a Non-Party deposition noticed or subpoenaed by another Party.

3.8.  Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.9.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulated Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Materials" for the purposes of this Stipulated Protective Order.)

3.10.  Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff).

3.11.  House Counsel: Attorneys who are employees of a Party (as well as their support staff).

3.12.  Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

3.13  Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery rule or statute.

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

3.14. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**4. SCOPE OF PROTECTION**

The protections conferred by the Parties pursuant to this Stipulated Protective Order cover not only Protected Material/Confidential Documents (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by the Parties pursuant to this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Except to the extent specified herein (if any), any use of Protected Material at trial shall not be governed by this Stipulated Protective Order, but may be governed by a separate agreement or order.

**5. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

HERR, PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-7-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Final disposition shall be deemed to be the later of (1) dismissal of all
2  claims and defenses in this action, with or without prejudice; and (2) final
3  judgment herein after the completion and exhaustion of all appeals,
4  rehearings, remands, trials, or reviews of this Action, including the time
5  limits for filing any motions or applications for extension of time pursuant to
6  applicable law.

7  **6.  DESIGNATING PROTECTED MATERIAL**

8  6.1.   Exercise of Restraint and Care in Designating Material for
9  Protection.

10  Each Party or Non-Party that designates information or items for
11  protection under this Order must take care to limit any such designation to
12  specific material that qualifies under the appropriate standards.   The
13  Designating Party must designate for protection only those parts of material,
14  documents, items, or oral or written communications that qualify so that
15  other portions of the material, documents, items, or communications for
16  which protection is not warranted are not swept unjustifiably within the
17  ambit of this Order.

18  Mass, indiscriminate, or routinized designations are prohibited.
19  Designations that are shown to be clearly unjustified or that have been made
20  for an improper purpose (e.g., to unnecessarily encumber the case
21  development process or to impose unnecessary expenses and burdens on
22  other Parties) may expose the Designating Party to sanctions.

23  If it comes to a Designating Party's attention that information or items
24  that it designated for protection do not qualify for protection at all, or do not
25  qualify for the level of protection initially asserted, that Party or Non-Party
26  must promptly notify all other Parties that it is withdrawing the mistaken
27  designation.

28  6.2. Manner and Timing of Designations.  Except as otherwise provided

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   in this Order, or as otherwise stipulated or ordered, material that qualifies
2   for protection under this Order must be clearly so designated before the
3   material is disclosed or produced.

4        Designation in conformity with this Order requires:

5        (a)     For information in documentary form (e.g., paper or electronic
6   documents, but excluding transcripts of depositions or other pretrial or trial
7   proceedings), that the Producing Party affix at a minimum, the legend
8   "CONFIDENTIAL" to each page that contains Protected Material.  If only a
9   portion or portions of the material on a page qualifies for protection, the
10  Producing Party also must clearly identify the protected portion(s) (e.g., by
11  making appropriate markings in the margins) and must specify, for each
12  portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL"
13  stamp on such page(s) shall not obstruct the substance of the page's (or
14  pages') text or content.

15       A Party or Non-Party that makes original documents available for
16  inspection need not designate them for protection until after the inspecting
17  Party has indicated which documents it would like copied and produced.
18  During the inspection and before the designation, all of the material made
19  available for inspection shall be deemed "CONFIDENTIAL."   After the
20  inspecting Party has identified the documents it wants copied and produced,
21  the Producing Party must determine which documents, or portions thereof,
22  qualify for protection under this Order. Then, before producing the specified
23  documents, the Producing Party must affix the "CONFIDENTIAL legend" to
24  each page that contains Protected Material.  If only a portion or portions of
25  the material on a page qualifies for protection, the Producing Party also must
26  clearly identify the protected portion(s) (e.g., by making appropriate
27  markings in the margins).

28       (b)     For testimony given in depositions or in other pretrial or trial

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    proceedings, that the Party or Non-Party offering or sponsoring the testimony
2    identify on the record, before the close of the deposition, hearing, or other
3    proceeding, all protected testimony, and further specify any portions of the
4    testimony that qualify as "CONFIDENTIAL." When it is impractical to identify
5    separately each portion of testimony that is entitled to protection, and when
6    it appears that substantial portions of the testimony may qualify for
7    protection, the Producing Party may invoke on the record (before the
8    deposition or proceeding is concluded) a right to have up to twenty (20) days
9    to identify the specific portions of testimony as "CONFIDENTIAL." Only those
10   portions of the testimony that are appropriately designated as
11   "CONFIDENTIAL" for protection with the 20 days shall be covered by the
12   provisions of this Stipulated Protective Order.

13        Transcript pages containing Protected Materials must be separately
14   bound by the court reporter, who must affix to each such page the legend
15   "CONFIDENTIAL," as instructed by the Producing Party.

16        (c)   For information produced in some form other than documentary,
17   and for any other tangible items (including but not limited to information
18   produced on disc or electronic data storage device), that the Producing Party
19   affix in a prominent place on the exterior of the container or containers in
20   which the information is stored the legend "CONFIDENTIAL." If only a
21   portion or portions of the information warrants protection, the Producing
22   Party, to the extent practicable, shall identify the protected portion(s),
23   specifying the material as "CONFIDENTIAL."

24        6.3. <u>Inadvertent Failures to Designate</u>. If timely corrected (preferably,
25   though not necessarily, within 30 days of production or disclosure of such
26   material), an inadvertent failure to designate qualified information or items
27   as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's
28   right to secure protection under this Stipulated Protective Order for such

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-10-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  material.  If the material is appropriately designated as "CONFIDENTIAL"

2  after the material was initially produced, the Receiving Party, on timely

3  notification of the designation, must make reasonable efforts to assure that

4  the material is treated in accordance with the provisions of this Stipulated

5  Protective Order.

6      6.4.  Alteration of Confidentiality Stamp Prohibited.  A Receiving Party

7  shall not alter, edit, or modify any Protected Material so as to conceal,

8  obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a

9  Receiving Party take any other action so as to make it appear that Protected

10 Material is not subject to the terms and provisions of this Stipulated

11 Protective Order.  However, nothing in this section shall be constructed so

12 as to prevent a Receiving Party from challenging a confidentiality designation

13 subject to the provisions of section 7, infra.

14     **7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15     7.1.  Timing of Challenges. Any Party or Non-Party may challenge a

16 designation of confidentiality at any time prior to the final pre-trial

17 conference with the court in the matter.  Unless a prompt challenge to the

18 Designating Party's confidentiality designation is necessary to avoid

19 foreseeable substantial unfairness, unnecessary economic burdens, or a

20 later significant disruption or delay of the litigation, a Party does not waive

21 its right to challenge a confidentiality designation by electing not to mount a

22 challenge promptly after the original designation is disclosed.

23     7.2.  Meet and Confer.   Prior to challenging a confidentiality

24 designation,  a Challenging Party shall initiate a dispute resolution process

25 by providing written notice of each specific designation it is challenging, and

26 describing the basis (and supporting authority or argument) for each

27 challenge.  To avoid ambiguity as to whether a challenge has been made, the

28 written notice must recite that the challenge to confidentiality is being made

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-11-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   in accordance with this specific paragraph of this Stipulated Protective

2   Order.  The Parties shall attempt to resolve each challenge in good faith and

3   must begin the process by conferring directly (in voice to voice dialogue,

4   either in person, telephonically, or by other comparable means, but not by

5   correspondence) within 14 days of the date of service of notice.

6      In conferring, the Challenging Party must explain the specific basis for

7   its belief that the confidential designation was not proper and must give the

8   Designating Party an opportunity to review the designated material, to

9   reconsider the circumstances, and if no change in designation is offered, to

10  explain the basis for the chosen designation.  A Challenging Party may

11  proceed to the next stage of the challenge process only if it has engaged in

12  this meet and confer process first or establishes that the Designating Party

13  is unwilling to participate in the meet and confer process in a timely manner.

14     Frivolous challenges, and those challenges made for an improper

15  purpose (e.g., to harass or impose unnecessary expenses and burdens on

16  other Parties), may expose the Party making the challenge to sanctions.

17     7.3.   Judicial Intervention.  If the Parties cannot resolve a

18  confidentiality challenge without court intervention, the Challenging Party

19  shall file and serve a motion to remove the "CONFIDENTIAL" designation in

20  compliance with Local Rule 251.

21     The burden of persuasion in any such challenge proceeding shall be

22  on the Designating Party, regardless of whether the Designating Party is the

23  moving party or whether such Party sought or opposes judicial intervention.

24  Frivolous challenges, and those made for an improper purpose (e.g., to

25  harass or impose unnecessary expenses and burdens on other Parties) may

26  expose the Challenging Party to sanctions.  Unless the Designating Party has

27  waived the confidentiality designation by failing to oppose a motion to remove

28  the confidentiality designation, all Parties shall continue to afford the

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    material in question the level of protection to which it is entitled under the

2    Producing Party's designation until the court rules on the challenge.

3        7.4. Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a

4    Designating Party may remove Protected Material/Confidential Documents

5    from other or all of the protections and provisions of this Stipulated

6    Protective Order at any time by any of the following methods:

7        (a)  Express Written Withdrawal.   A Designating Party may withdraw

8    a  "CONFIDENTIAL"  designation  made  to  any  specified  Protected

9    Material/Confidential Documents from some or all of the protections of this

10   Stipulated Protective Order by an express withdrawal in a writing signed by

11   such  Party  (or  such  Party's  counsel)  that  specifies  and  itemizes  the

12   Disclosure  or  Discovery  Material  previously  designated  as  Protected

13   Material/Confidential Documents that shall no longer be subject to all or

14   some  of  the  provisions  of  this  Stipulated  Protective  Order. Such  express

15   withdrawal shall be effective when transmitted or served upon the Receiving

16   Party.  If a Designating Party is withdrawing Protected Material from only

17   some of the provisions/protections of this Stipulated Protective Order, such

18   Party must state which specific provisions are no longer to be enforced as to

19   the  specific  material  for  which  confidentiality  protection  hereunder  is

20   withdrawn: otherwise, such withdrawal shall be construed as a withdrawal

21   of such material from all of the protections/provisions of this Stipulated

22   Protective Order;

23       (b)   Express Withdrawal on the Record:   A Designating Party may

24   withdraw a "CONFIDENTIAL" designation made to any specified Protected

25   Material/Confidential Documents from all of the provisions/protections of

26   this Stipulated Protective Order by verbally consenting in court proceedings

27   on the record to such withdrawal; provided that such withdrawal specifies

28   the  Disclosure  or  Discovery  Material  previously  designated  as  Protected

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-13-

Material/Confidential Documents that shall no longer be subject to any of the provisions of this Stipulated Protective Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulated Protective Order by this method; and

(c) <u>Implicit Withdrawal by Publication or Failure to Oppose Challenge</u>. A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulated Protective Order by either (1) making such Protected Material/Confidential Records part of the public record, including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records;  (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.  Nothing in this Stipulated Protective Order shall be construed as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for preparing, prosecuting, defending, or attempting to settle this litigation, up to and including final disposition of the above-entitled action, and not for any other purpose, including any other litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the above-entitled litigation has been terminated, a Receiving Party must comply with the

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-14-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  provisions of Section 14 below (FINAL DISPOSITION).

2      Protected Material must be stored and maintained by a Receiving Party

3  at a location and in a secure manner that ensures that access is limited to

4  the persons authorized under this Stipulated Protective Order.

5      8.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

6  otherwise ordered by the court or permitted in writing by the Designating

7  Party, a Receiving Party may disclose any information or item designated

8  "CONFIDENTIAL" only to:

9      (a)  The Receiving Party's Outside Counsel of Record in this action, as

10  well as employees of said Outside Counsel of Record to whom it is reasonably

11  necessary to disclose the information for this litigation;

12      (b)  The officers, directors, and employees (including House Counsel)

13  of the Receiving Party to whom disclosure is reasonably necessary for this

14  litigation, each of whom, by accepting receipt of such Protected Material,

15  thereby agree to be bound by this Stipulated Protective Order and who have

16  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17      (c)   Experts (as defined in this Stipulated Protective Order) of the

18  Receiving  Party  to  whom  disclosure  is  reasonably  necessary  for  this

19  litigation, each of whom, by accepting receipt of such Protected Material,

20  thereby agree to be bound by this Stipulated Protective Order and who have

21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22      (d)  The court and its personnel;

23      (e)   Court reporters, their staff and Professional Vendors to whom

24  disclosure is reasonably necessary for this litigation, each of whom, by

25  accepting receipt of such Protected Material, thereby agree to be bound by

26  this Stipulated Protective Order and who have signed the "Acknowledgment

27  and Agreement to Be Bound" (Exhibit A);

28      (f)  During their depositions, witnesses and attorneys for witnesses, in

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-15-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  the action to whom disclosure is reasonably necessary each of whom, by

2  accepting receipt of such Protected Material, thereby agree to be bound by

3  this Stipulated Protective Order and who have signed the "Acknowledgment

4  and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition

5  testimony or exhibits to depositions that reveal Protected Material must be

6  separately bound by the court reporter and may not be disclosed to anyone

7  except as permitted under this Stipulated Protective Order; and

8      (g)  The author or custodian of a document containing the information

9  that constitutes Protected Material, or other person who otherwise possessed

10  or knew the information.

11      8.3.   <u>Notice of Confidentiality.</u>   Prior to producing or disclosing

12  Protected Material/Confidential Documents to persons to whom this

13  Stipulated Protective Order permits disclosure or production (see Section

14  8.2. supra), a Producing Party shall provide a copy of this Stipulated

15  Protective Order to such persons so as to put such persons on notice as to

16  the restrictions imposed upon them and provide and request that a copy of

17  the "Acknowledgment and Agreement to Be Bound" be signed by them.   For

18  court reporters, Professional Vendors, and for witnesses being provided with

19  Protected Material during a deposition, it shall be sufficient notice for counsel

20  for the Producing Party to give the witness a verbal admonition (on the record

21  for witnesses) regarding the provisions of this Stipulated Protective Order

22  and such provisions' applicability to the specified Protected Material at issue.

23      8.4.  <u>Reservation of Rights.</u>  Nothing in this Stipulated Protective Order

24  shall be construed as to require any Producing Party to designate any records

25  or materials as "CONFIDENTIAL."   Nothing in this Stipulated Protective

26  Order shall be construed so as to prevent the admission of Protective Material

27  into evidence at the time of this action, or in any appellate proceedings for

28  this action, solely on the basis that such Disclosure or Discovery Material

HERR, PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

has been designated as Protected Material/Confidential Documents. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable.  Nothing in this

Stipulated Protective Order shall be construed so as to prevent the Designating Party (or its counsel or custodian of records) from having access to and using Protected Material designated by the Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession, except that the waiver of confidentiality provisions shall apply (see Section 7.4(c), supra).

8.5.   <u>Requirement to File Confidential Documents Under Seal.</u> Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Eastern District Local Rules 141, 141.1, 143 and 251 (as applicable) and pursuant to the provisions of this Stipulated Protective Order.

This paragraph shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this section's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulated Protective Order.)

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  Document(s) where, prior to submission or publication of the Confidential

2  Document(s) at issue, the Designating Party of such specifically identified

3  Confidential Document(s) has waived and/or withdrawn the protections of

4  this Stipulated Protective Order.

5      A Receiving Party shall also be exempt from the sealing requirements

6  of this section where the Confidential Documents/Protected Material at issue

7  is/are not documents, records, or information regarding or incorporating:

8      (1)    Private, personal information contained in peace officer

9  personnel files (such as social security numbers, driver's license numbers or

10  comparable personal government identification numbers, residential

11  addresses, compensation or pension or personal property information, credit

12  card numbers or credit information, dates of birth, tax records and

13  information, information related to the identity of an officer's family members

14  or co-residents, and comparable personal information about the officer or his

15  family, marital status, and educational and employment history);

16      (2)    Election of employee benefits;

17      (3)    Employee advancement, appraisal or discipline;

18      (4)    Complaints, or investigation of complaints, concerning an

19  event or transaction in which he or she participated, or which he or she

20  perceived, and pertaining to the manner in which he or she performed his or

21  her duties; and

22      (5)    Medical history, medical records or records of psychiatric or

23  psychological treatment of any peace officer or party to this action.

24      Nothing in this paragraph shall be construed to bind the court or its

25  authorized staff so as to limit or prevent the publication of any Confidential

26  Documents to the jury or factfinder, at the time of trial of this matter, where

27  the court has deemed such Confidential Documents to be admissible into

28  evidence.

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-18-

[PROPOSED] STIPULATED PROTECTIVE ORDER

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order at issue;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.   Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   with this litigation is protected by the remedies and relief provided by this

2   Stipulated Protective Order. Nothing in these provisions should be construed

3   as prohibiting a Non-Party from seeking additional protections.

4   (b)    In the event that a Party is required, by a valid discovery request,

5   to produce a Non-Party's confidential information in its possession, and the

6   Party is subject to an agreement with the Non-Party not to produce the Non-

7   Party's confidential information, then the Party shall:

8   (1)    Promptly notify in writing the Requesting Party and the

9   Non-Party that some or all of the information requested is subject to a

10  confidentiality agreement with a Non-Party;

11  (2)   Promptly provide the Non-Party with a copy of the Stipulated

12  Protective Order in this action, the relevant discovery request(s), and a

13  reasonably specific description of the information requested; and

14  (3)    Make the information requested available for inspection

15  by the Non-Party, if requested.

16  (c)    If the Non-Party fails to seek a protective order from this court

17  within 14 days of receiving the notice and accompanying information, the

18  Receiving Party may produce the Non-Party's confidential information

19  responsive to the discovery request.   If the Non-Party timely seeks a

20  protective order, the Producing Party shall not produce any information in

21  its possession or control that is subject to the confidentiality agreement with

22  the Non-Party before a determination by the court.  Absent a court order to

23  the contrary, the Non-Party shall bear the burden and expense of seeking

24  protection in this court of its Protected Material.

25  **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26  If a Receiving Party learns that, by inadvertence or otherwise, it has

27  disclosed Protected Material to any person or in any circumstance not

28

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   authorized under this Stipulated Protective Order, the Receiving Party must

2   immediately:

3      (a) notify in writing the Designating Party of the unauthorized

4         disclosures;

5      (b) use its best efforts to retrieve all unauthorized copies of the

6         Protected

7   Material;

8      (c)    inform the person or persons to whom unauthorized disclosures

9   were made of all the terms of this Stipulated Protective Order; and

10     (d)    request such person or persons to consent to and execute the

11  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

12  Exhibit A.

13  **12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

14          **PROTECTED MATERIAL**

15     When a Producing Party gives notice to Receiving Parties that certain

16  inadvertently produced material is subject to a claim of privilege or other

17  protection, the obligations of the Receiving Parties are those set forth in

18  Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to

19  modify whatever procedure may be established in an e-discovery order that

20  provides for production without prior privilege review.

21  **13.   PUBLICATION OF PROTECTED MATERIAL PROHIBITED**

22     13.1.   <u>Filing of Protected Material</u>.   Without advance written

23  permission from the Designating Party, or a court order secured after

24  appropriate notice to all interested Parties, a Receiving party may not file in

25  the public record in this action any Protected Material.  A Party that seeks to

26  file under seal any Protected Material must comply with the applicable

27  Federal and Local Rules.

28  ///

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

13.2.  <u>Public Dissemination of Protected Material.</u>   A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by the Parties' Stipulated Protective Order; nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum.

## 14.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) after the final termination of this action (defined as the dismissal or entry of judgment by the above-named court, or if an appeal is filed, the disposition of the appeal), upon written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that specifically (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material; however, any such archival copies that contain or constitute Protected Material remain

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  subject to this Protective Order as set forth in Section 5 above.  This court

2  shall retain jurisdiction in the event that a Designating Party elects to seek

3  sanctions for violation of this Stipulated Protective Order.

4      **15.    MISCELLANEOUS**

5      15.1. <u>Right to Further Relief</u>. Nothing in this Stipulated Protective

6  Order abridges the right of any person to seek its modification by the court

7  in the future.

8      15.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of

9  this Protective Order no Party waives any right it otherwise would have to

10 object to disclosing or producing any information or item on any ground not

11 addressed in this Stipulated Protective Order. Similarly, no Party waives any

12 right to object on

13 any ground to use in evidence of any of the material covered by this Protective

14 Order.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1      **IT IS SO STIPULATED.**

2

3   Dated:  October 16, 2024          ALBERT GARCIA A LAW CORPORATION

4

5                                     By: /s/ Albert Garcia                        _
                                          ALBERT GARCIA,
6                                         Attorney for Plaintiff
                                          URIEL NIETO
7

8

9

10  Dated:  October 16, 2024          HERR PEDERSEN & BERGLUND LLP

11

12                                    By: __/s/ Leonard C. Herr_____
                                          LEONARD C. HERR
13                                        CAREN L. CURTISS
                                          Attorneys for Defendants,
14                                        CITY OF VISALIA, CHIEF JASON
                                          SALAZAR, OFFICER ANTONIO
15                                        MATTOS, OFFICER ALEXANDER CRUZ
                                          and SERGEANT RYAN PARK
16

17

18

19

20

21

22

23

24

25

26

27

28  Stipulated Protective Order

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-24-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9

# Exhibit A

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-25-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

2

3      I, _____ [print or type

4  full name], of _____ [print or type

5  full address], declare under penalty of perjury that I have read in its entirety and

6  understand the Stipulated Protective Order that was issued in the United States

7  District Court for the Eastern District of California on _____ [date]

8  in the case of *Nieto v. City of Visalia, et al.*, bearing case number 1:24-cv-00741-

9  JLT-BAM.

10      I agree to comply with and to be bound by all the terms of this Stipulated

11  Protective Order and I understand and acknowledge that failure to so comply could

12  expose me to sanctions and punishment in the nature of contempt.

13      I solemnly promise that I will not disclose in any manner any information or

14  item that is subject to this Stipulated Protective Order to any person or entity except

15  in strict compliance with the provisions of the Order.

16      I further agree to submit to the jurisdiction of the United States District Court

17  for the Eastern District of California, for the purpose of enforcing the terms of the

18  Stipulated Protective Order, even if such enforcement proceedings occur after the

19  termination of this action.

20  Dated: _____

21

22  Printed Name: _____

23

24  Signature: _____

25

26

27

28

**[PROPOSED]** STIPULATED PROTECTIVE ORDER

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**ORDER**

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order with the amendment that paragraph 14 is amended from "This court shall retain jurisdiction in the event that a Designating Party elects to seek sanctions for violation of this Stipulated Protective Order" to "This court shall retain jurisdiction through the final disposition of this matter in the event that a Designating Party elects to seek court sanctions for violation of this Stipulated Protective Order." The Court will not retain jurisdiction after final judgment or dismissal of the action, as it does not have perpetual jurisdiction over this matter.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **October 17, 2024**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE

~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**

HERR, PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200